
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYDIA WINZ-BYONE,

          Plaintiff - Appellant,

    v.

METROPOLITAN LIFE INSURANCE
COMPANY; PARK WATER
COMPANY LONG TERM
DISABILITY PLAN,

          Defendants - Appellees.

No. 08-55638

D.C. No. 5:07-cv-00238-VAP-OP

MEMORANDUM[*]

Appeal from United States District Court
Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted October 8, 2009
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON,[**] Senior United States District Judge.

Lydia Winz-Byone ("Winz-Byone") appeals from a decision of the district court dismissing her action against Metropolitan Life Insurance Company ("MetLife") and the Park Water Company Long Term Disability Plan ("LTD Plan"). Specifically, Winz-Byone alleged that MetLife and the LTD Plan wrongfully terminated her long-term disability payments under the LTD Plan in violation of the Employee Retirement Security Act ("ERISA"). The matter was brought before the district court for decision on the motion of MetLife and the LTD Plan for summary judgment and the cross-motion of Winz-Byone for summary judgment. Also before the district court was a motion by Winz-Byone to augment the record. The district court granted MetLife and the LTD Plan's motion for summary judgment and denied Winz-Byone's motions.

The district court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §§ 1001 and 1132(e)(1). This Court has jurisdiction under 28 U.S.C. § 1291.

"This appeal involves two different standards of review: one applying to our review of the district court's decision, and the other concerning the standard that applies to court review of the ERISA plan administrator's decision." *Sznewajs v.*

---

[**] The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

*U.S. Bancorp Amended and Restated Supplemental Benefits Plan*, 572 F.3d 727, 732 (9th Cir. 2009).

A. Review of District Court.

"[W]e review de novo a district court's decision to grant or deny summary judgment. We also review de novo a district court's 'choice and application' of the appropriate standard for reviewing benefits decisions by an ERISA plan administrator." *Id. (internal citation omitted).*

B. Review of Plan Administrator's Decision.

When a plan grants the plan administrator discretionary authority to construe the plan's terms, the appropriate standard of review is for abuse of discretion. *Nolan v. Heald College*, 551 F.3d 1148, 1153 (9th Cir. 2009). Any conflict of interest on the part of the plan administrator is included as a factor to be taken into account in deciding whether the discretion has been abused. *See Metropolitan Life Ins. Co. v. Glenn,* 554 U.S. ___, 128 S. Ct. 2343, 2346, 2348 (2008) ("*Metlife*"); *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 867-68 (9th Cir. 2008). A conflict of interest commonly arises when, as in this case, a plan administrator serves a dual role of both determining employee eligibility for benefits and paying those benefits out of its own pocket. *Metlife*, 128 S. Ct. at 2346.

3

Because the plan involved in this case assigns discretionary authority to the administrator, the informed abuse of discretion standard applies. In this case it is undisputed that MetLife served a dual role of both determining Winz-Byone's eligibility for benefits and paying the benefits.

Judicial review of the decision of an ERISA plan administrator is determined on the administrative record; thus, the district court may not hear additional evidence not presented to the plan administrator. *McKenzie v. General Telephone Co. of Cal.*, 41 F.3d 1310, 1316 (9th Cir. 1994) (error for a district court to hear additional evidence not presented to the plan administrator); *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1472 (9th Cir. 1993) (same).

A controlling issue in this case is whether Winz-Byone's diagnosed disability falls within the exclusion provision for neuromusculoskeletal and soft tissue disorders. As presented to MetLife, the key to this case lies in Dr. Salick's May 24, 2006, letter submitted with Winz-Byone's administrative appeal and relied upon by the district court:

> According to your definition of "neuromusculoskeletal and soft tissue disorder", [*sic*] which in this case, is a reflex sympathetic dystrophy of both upper extremities; right much worse that left. This reflex sympathetic dystrophy is sometimes called a regional pain disorder. It is a disease of the sympathetic nervous system, which causes extreme pain and trophic changes in those affected limbs.

The balance of Dr. Salick's letter addresses the degree of Winz-Byone's disability, *i.e.*, that she is totally disabled, which was not at issue.

There is nothing in the quoted portion of the letter that indicates Dr. Salick does not agree that the term "neuromusculoskeletal and soft tissue disorder" includes reflex sympathetic dystrophy. Indeed, as the district court noted, although it lacks grammatical consistency, it does suggest that reflex sympathetic dystrophy is a neuromusculoskeletal and soft tissue disorder. Even if on de novo review we apply a somewhat higher degree of skepticism than did the district court, it cannot be said on the administrative record that MetLife, as plan administrator, abused its discretion in determining that the 24-month limitation period applied to Winz-Byone. MetLife's two reviewing physicians concluded that it did, and Dr. Salick's support for the opposite view was ambiguous, at best.

Because of our conclusion that MetLife permissibly concluded that reflex sympathetic dystrophy was not covered by the policy, we need not address other issues in the case.

**AFFIRMED.**